United States District Court
Southern District of Texas
**ENTERED**
November 26, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| PARTNER ASSESSMENT CORPORATION, Plaintiff, | § | CIVIL ACTION NO 4:23-cv-02768 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| PCR REAL ESTATE HOLDING COMPANY, LLC, Defendant. | § | |

## ORDER

This action was paused to allow the parties an opportunity to resolve their dispute through settlement conference with Magistrate Judge Andrew Edison. See Dkt 99 (order of referral). He has since advised that no settlement could be reached, and so this action returns to a litigation posture.

This Order now resolves a number of pending motions. See Dkts 74, 75, 77, 79, 92, 93, 94, 95, 96, 97, 103, 105, 108, 111, 113, 115, 117, 119, 120 & 121.

* * *

The original motion by Plaintiff Partner Assessment Corporation to exclude expert opinions of Dr. Melissa Pittaoulis is appropriately STRICKEN. Dkts 96 & 97 (unsealed version). The motion exceeded the word limit by almost double, totaling over 9,000 words. Dkt 96.

The motion by Plaintiff seeking leave to file a corrected motion to exclude expert opinions of Dr. Melissa Pittaoulis is DENIED. Dkt 120.

The corrected motion that was filed without approval is STRICKEN. Dkt 121.

Plaintiff will not be granted leave to refile a motion to exclude in this regard. Plaintiff and its counsel have received prior admonishment in this action for employing unreasonable litigation tactics. Dkts 56 & 72 (prior orders). It would be monumentally prejudicial to, and burdensome upon, Defendant to brief yet another response, given what can only be discerned as calculated conduct by counsel to Plaintiff. And obviously, as reflected in the response by Defendant to the original motion, Dr. Melissa Pittaoulis is qualified, with her opinions being sufficiently reliable. Dkt 101. The objections by Plaintiff go to the weight of the evidence, not its admissibility.

* * *

Other pending motions feature responses by Plaintiff that similarly flout this Court's procedures and word limits. These are as follows:

- Dkt 100, over 8,400 words: Response to motion by Defendant for partial summary judgment, Dkt 79.
- Dkt 104, over 9,500 words: Response to motion by Defendant to partially exclude Plaintiff expert Sanders, Dkt 75; and
- Dkt 106, over 8,700 words: Response to motion by Defendant to partially exclude Plaintiff expert Chiagouris, Dkt 77.

Those responses are STRICKEN. Dkts 100, 104 & 106.

Related motions by Plaintiff to correct those filings are DENIED. See Dkts 113, 115, 117 & 119.

The subsequent filings made by Plaintiff without approval are also STRICKEN. See Dkts 114, 116 & 118.

* * *

The referenced motion by Defendant to exclude certain opinions and testimony of Plaintiff's expert Robert M. Sanders is GRANTED as unopposed. Dkt 75.

It is ORDERED that testimony of Sanders is limited to (1) calculating Defendant's revenue and profit numbers,

(2) his rebranding cost savings analysis, Opinion B, and (3) his expected benefits analysis, Opinion C.

All other opinions of Sanders are EXCLUDED.

* * *

The referenced motion by Defendant to exclude certain opinions, testimony, and the survey of Plaintiff's expert Dr. Larry Chiagouris is GRANTED as unopposed. Dkt 77.

It is ORDERED that Dr. Chiagouris is precluded from offering opinion and testimony regarding: (1) whether a likelihood of confusion exists between the respective marks of parties; (2) the alleged similarity of the respective services of parties; (3) the degree of care allegedly exercised by potential purchasers of the respective services of parties; (4) the alleged similarity of the parties' marks; (5) actual confusion; (6) damages; and (7) Opinions #2–5 (as defined in Dkt 77).

All testimony about and evidence of the likelihood-of-confusion survey by Dr. Chiagouris is also EXCLUDED.

* * *

The referenced motion by Defendant for partial summary judgment is GRANTED as unopposed. Dkt 79.

It is ORDERED that Defendant is entitled to summary judgment that there is no likelihood of confusion as to the brokerage services provided by Defendant under the name "Partners."

It is further ORDERED that Plaintiff is not entitled to disgorgement of profits as an equitable remedy.

* * *

The two pending motions by Plaintiff to exclude the expert opinions of Defendant's experts Jared Jordan and Dr. Joel Steckel are DENIED. Dkts 92 & 94; see Dkts 93 & 95 (unsealed versions).

Upon review, both experts are indisputably qualified, and any disagreement as to opinion and methodology goes to the weight of the evidence, not the admissibility. See *Viterbo v Dow Chemical Co*, 826 F2d 420, 422 (5th Cir 1987): "As a general rule, questions relating to the bases

and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."

* * *

Also pending is a motion by Defendant to strike jury demand. Dkt 74. The motion was filed August 6, 2025. Plaintiff failed to make its responsive filing by the deadline of August 27, 2025. Dkt 109; see LR 7.3.

The untimely response is STRICKEN. Dkt 109.

The motion to strike jury demand is GRANTED as unopposed. Dkt 74; see LR 7.4.

* * *

All motions requesting that certain filings be allowed to be made under seal are GRANTED. See Dkts 103, 105, 108 & 111.

* * *

In sum, the following motions are DENIED: Dkts 92, 93, 94, 95, 113, 115, 117, 119 & 120.

The following motions are GRANTED: Dkts 74, 75, 77, 79, 103, 105, 108 & 111.

The following items are STRICKEN: Dkts 96, 97, 100, 104, 106, 109, 114, 116, 118 & 121.

SO ORDERED.

Signed on November 26, 2025, at Houston, Texas.

Hon Charles Eskridge
United States District Judge