**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PARTNER ASSESSMENT CORPORATION,**<br>**Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:23-cv-02768** |
| **PCR REAL ESTATE HOLDING COMPANY, LLC**<br>**Defendant.** | §<br>§<br>§ | |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION**

On November 26, 2025, this Court entered an order striking several of Plaintiff Partner Assessment Corporation's ("Plaintiff" or "Partner") briefs pertaining to pre-trial motions for failing to comply with this Court's local rules and procedures. Dkt. 130. The Court further granted as unopposed the Motion for Partial Summary Judgment, *Daubert* Motions, and the Motion to Strike the Jury Demand filed by PCR Real Estate Holding Company, LLC and the other Defendants (collectively, "Defendants" or "Partners"). *Id.*

Since the entry of this Court's November 26th Order, Partner retained new counsel and attempted to mediate this case. Dkt. 135, 139. Having been unable to resolve this matter, Partner now respectfully seeks reconsideration of three narrow portions of this Court's November 26th Order: (1) the portion granting Partners' Motion for Partial Summary Judgment on the issue of likelihood of confusion, (2) the portion granting Partners' *Daubert* Motion to Exclude Dr. Chiagouris's evidence and testimony, and (3) the portion granting as unopposed Partners' Motion to Strike the Jury Demand.

Partner fully acknowledges that its prior counsel failed to abide by the Court's word limits, and it understands the reason for the Court's decision. That said, Partner respectfully requests that the Court reconsider its punishment, which effectively forecloses some of Partner's substantive claims based on an error of prior counsel. Given that Defendants did not oppose the submission of revised briefs and Partner's response to the Motion to Strike the Jury Demand was timely, Partner asks that the Court reconsider its November 26th Order, grant Partner's unopposed motion to substitute revised briefs (Dkt. 115, 117), and then enter whatever ruling the Court deems appropriate on the merits of Defendants' Motion for Partial Summary Judgment (Dkt. 79), Motion to Exclude Dr. Chiagouris (Dkt. 77), and Motion to Strike Jury Demand (Dkt. 74).

## NATURE AND STAGE OF THE PROCEEDING

On September 25, 2026, the parties unsuccessfully mediated this case. Dkt. 125. The case was then stayed while the parties attempted to resolve the matter via direct negotiations. Shortly thereafter, this Court entered its November 26th Order striking a number of Partner's pleadings and resolving various motions in Defendants' favor. Dkt. 130. Partner expeditiously retained new counsel. Dkt. 135. On January 26, 2026, the parties, again, unsuccessfully mediated this case. Dkt. 139.

## BRIEF STATEMENT OF FACTS

Founded in 2007, Plaintiff Partner Assessment Corporation provides a broad suite of commercial real estate consulting and technical services under a family of "PARTNER" trademarks. Partner has invested substantially in developing goodwill in its PARTNER marks and maintains federal registrations and applications for various PARTNER-

formative marks covering engineering, environmental, valuation, construction-related, and other real estate services.

Defendants offer commercial real estate brokerage, investment, development, valuation, and property management services. Prior to 2022, Defendants operated under NAI-formative names, including NAI Houston and NAI Partners, while maintaining an affiliation with NAI Global. Between 2016 and 2022, while known as NAI Partners, Defendants engaged Partner on more than a dozen projects for services such as property condition reports, environmental site assessments, and zoning reports. In September 2022, Defendants publicly announced they had ended their affiliation with NAI Global and rebranded from NAI Partners to "Partners," unveiling a new "Partners" word mark and logo that are confusingly similar to Partner's word mark and logo. That led to this litigation.

Beginning in August 2025, the parties filed a series of motions and responses that form the basis of the Court's November 26th Order. Dkt. 74, 75, 77, 79, 92, 93, 94, 95, 96, 97, 103, 105, 108, 111, 113, 115, 117, 119, 120, 121. In early September, upon realizing that it had exceeded the Court's local rule on word limits, Partner's former counsel conferred with Defendants' counsel and immediately submitted unopposed motions for leave to correct its responses and motions, along with briefs that complied with the word limit. Dkt. 113, 114, 115, 116, 117, 119, & 120.

On November 26, 2025, this Court issued an order denying each of Partner's unopposed motions for leave to file corrected responses and motions, and striking Partner's responses and motions that exceeded the word limits provided in this Court's local rules. Dkt. 130. The Court further granted Defendants' Motion for Partial Summary Judgment

and partially granted Defendants' two *Daubert* Motions as unopposed. *Id.* The Court also struck Partner's response to Defendants' Motion to Strike the Jury Demand for being untimely, and granted Defendants' Motion as unopposed. *Id.*

**STATEMENT OF ISSUES**

(1) Whether the Court should reconsider its decision to grant Defendants' Motion for Partial Summary Judgment as unopposed on the basis that Partner's original response exceeded the word limit found in the Court's Local Rule 18(c), examine Partner's corrected response, and revisit the issue on the merits;

(2) Whether the Court should reconsider its decision to grant Defendants' Motion to Exclude Dr. Chiagouris's evidence and testimony as unopposed on the basis that Partner's original response exceeded the word limit found in the Court's Local Rule 18(c), examine Partner's corrected response to PCR's *Daubert* Motion, and revisit the issue on the merits; and

(3) Whether the Court should reconsider its decision to grant Defendants' Motion to Strike Jury Demand as unopposed on the basis that Partner's response was untimely under the default deadline set by L.R.7.3, on the basis that the motion was timely under paragraph 5b of the Court's Amended Docket Control Order (Dkt. 72).

**LEGAL STANDARD**

"Under Rule 54(b), the district court may reconsider and revise its decision for any reason deemed sufficient, and this is so even in the absence of new evidence or an intervening change in or clarification of the substantive law." *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-CV-00576, 2023 WL 4308750, at *1 (S.D. Tex. June 30, 2023)

(Eskridge, J.) (citing *Austin v Kroger Texas, LP*, 864 F.3d 326, 336 (5th Cir. 2017)); *see also United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013); *Pfeiffer v. Ajamie PLLC*, No. 4:19-CV-02760, 2020 WL 13420831, at *1 (S.D. Tex. Jan. 27, 2020) (Eskridge, J.).

Unlike Rule 59(e), Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves is flexible, reflecting the "'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Austin*, 854 F.3d at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)). As such, reconsideration is particularly appropriate when, as here, the underlying decisions were not decided on the legal merits, but rather through exercise of the Court's discretion to control its docket.

**ARGUMENT AND AUTHORITIES**

Partner does not dispute that the relevant motions and responses exceeded the 5,000-word limit set out in Rule 18(c) of the Court's Procedures. Partner also recognizes the Court's broad discretion to enforce its procedures, including the discretion to impose the sanction of striking a noncompliant pleading or deeming a motion unopposed. *See* S.D. Tex. L.R. 11.4 ("A paper that does not conform to the local or federal rules or that is otherwise objectionable may be struck on the motion of a party or by the Court"); *United States v. Moreno*, 857 F.3d 723, 726 n.1 (5th Cir. 2017) ("[c]ourts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court."); *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (recognizing that "a district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad").

It is for this reason that Partner is not seeking reconsideration of the entirety of the Court's November 26th Order, such as the ruling to strike Partner's *Daubert* motions to exclude opinions of Defendants' experts. Dkt. Nos. 92-97.

At the same time, to preserve fairness to litigants, the Fifth Circuit disfavors disproportionate results that punish clients for the errors of their counsel. While a district court holds "authority to supervise and control its docket, parties should not be punished for their counsel's neglect except in extreme and unusual circumstances." *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974); *Webb*, 457 Fed. App'x at 452 ("Although a district court's discretionary authority to formulate and enforce local rules for the orderly and expeditious handling of cases is quite broad, [Fifth Circuit] case law establishes that this discretion is limited by considerations of fairness to the litigants."). Whenever possible, "[d]oubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). "The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct." *Id.* (citing *Hassenflu*, 491 F.2d at 1096).

This is particularly true in the context of word- or page-limit violations. *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 804 (5th Cir. 2012) (vacating the district court's dismissal after finding that the plaintiff's responsive briefing "was verbose and addressed issues the district court may have felt were extraneous, but the only material deficiencies in [plaintiff's] brief were its lack of concision

and excessive length."); *see also Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) ("Pleadings which are timely filed, but overly long under local rules should not be rejected without a reasonable, even if conditional, opportunity to conform to the local rules.").

Here, the failure of Partner's former counsel to follow the word limitations of this Court's Local Rules should not be attributed to Partner itself. Nor should Partner be subject to a penalty that is disproportionate to the nature of the error, particularly when Partner has submitted unopposed motions to replace the non-compliant briefing with new briefs that satisfy the Court's word limit. As explained below, Partner has meritorious substantive arguments which it respectfully asks the Court to consider.

## I. The Court should reconsider its ruling that Defendants are entitled to a partial summary judgment that there is no likelihood of confusion as to the brokerage services provided by Defendants under the name "Partners."

Partner requests that the Court reconsider its grant of summary judgment on likelihood of confusion for brokerage services. "Likelihood of confusion is the paramount question in a trademark infringement action." *Appliance Liquidation Outlet, L.L.C. v. Axis Supply Corp.*, 105 F.4th 362, 380 (5th Cir. 2024) (cleaned up). Likelihood of confusion is a fact-driven question in most cases, and courts apply multi-factor test evaluating eight "digits of confusion" to determine whether consumers are likely to be confused by the defendant's use of the protected mark. *See David Austin Roses Ltd. v. GCM Ranch LLC*, 764 F. Supp. 3d 474, 483 (N.D. Tex. 2025) (explaining the eight digits of confusion); *see also Savage Tavern, Inc. v. Signature Stag, LLC*, 589 F. Supp. 3d 624 (N.D. Tex. 2022) (evaluating relevant facts for each digit and stating that "[c]onfusion—not competition—

is the bedrock of trademark law"). The issue usually turns on the totality of circumstances and is best resolved with the benefit of a full evidentiary record.

Here, the Court's summary judgment ruling on likelihood of confusion was entered without the benefit of a full evidentiary record. The Court granted Defendants' motion as unopposed because Partner's response was stricken for its noncompliant length. This result deprives Partner of the opportunity to fully and fairly present its case at trial, an outcome that is manifestly unjust in comparison to the mistake made by Partner's former counsel.

Had the Court accepted Partner's corrected response to Defendants' Motion, the Court could have considered the real-world overlap in how Partner and Defendants sell and deliver their services. For example:

- Both companies target the ***same*** customers through the ***same*** channels. Dkt. No. 115 at 12;

- Both companies pitch bundled, end-to-end projects where buyers experience a single provider managing third parties. *Id.* at 12-13, 19;

- Partner identified at least 67 overlapping services across the two enterprises and specifically 36 services performed by Defendants' brokerage divisions that Plaintiff also offers (e.g., due diligence, portfolio valuation, market studies, risk assessment, site selection/feasibility, landlord/tenant representation–adjacent advisory functions, and more). *Id.* at 11, 19;

- Partner showed that the companies have more than 2,700 overlapping customers and operate in the same geographic regions (e.g., both with offices in Houston and Austin). *Id.* at 12, 19; and

- Both parties target participants in commercial real estate transactions, attend the same trade shows and industry events, and solicit business from the same purchaser segments. *Id.* at 21.

Defendants' partial summary judgment motion draws an artificial distinction between brokering and not brokering services. But likelihood of confusion turns on

marketplace perception, not labels like "broker" versus "not broker." Viewed in the light most favorable to Partner, the evidence provided by Partner creates factual disputes about the likelihood of confusion that are appropriate for a fact finder to resolve.

Partner therefore respectfully asks that the Court reconsider its summary judgment ruling, review Partner's corrected response, and rule on the merits. *Blois*, 612 F.2d at 940 ("Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims.").

## II. The Court should reconsider its decision to exclude the testimony and likelihood-of-confusion survey by Dr. Larry Chiagouris because this evidence is significant to the fair adjudication of this case.

Partner requests this Court reconsider its exclusion of Dr. Larry Chiagouris's survey and related opinions. The Fifth Circuit recognizes that, though an expert survey is not required, "[p]arties often introduce survey evidence in an effort to demonstrate that there is a likelihood of confusion" in trademark cases." *Exxon Corp. v. Tex. Motor Exch. of Houston, Inc.*, 628 F.2d 500, 506 (5th Cir. 1980). In some cases, this survey evidence can so support a plaintiff's case so as to conclusively establish this element. *See Riviana Foods Inc. v. Societe Des Produits Nestle S.A.*, No. CIV.A. H-93-2176, 1994 WL 761242, at *6 (S.D. Tex. Dec. 20, 1994) ("A properly conducted survey may be given sufficient weight on the crucial issue of likelihood of confusion to be dispositive of the entire case").

Here, Partner intends to establish likelihood of confusion at trial with or without Dr. Chiagouris and his survey. Still, the importance of this survey and Dr. Chiagouris's accompanying opinions to Partner's case is significant. After extensive time, effort, and

resources were put into properly conducting the survey, the results show what Partner has long known: over 20% of targeted consumers show a likelihood of being confused. Dkt. No. 116 at 3. Specifically, 21.7% of survey respondents thought Partners was the same company as Partner, was connected or affiliated with Partner, or was approved, endorsed, or sponsored by Partner. *Id.* These survey respondents explained their reasoning, stating that "[the companies] share the same company name, Partners," "Its brand name and image are very similar, and I can easily associate them together," and "The name of the company looks close and related to the first brand," to name a few. Dkt. 116, Ex. 33 at ¶99. These statistically significant, disinterested survey responses are relevant to the key issue of likelihood of confusion, and Partner respectfully asks that the Court permit it to present and explain this evidence through Dr. Chiagouris.

As the Order currently stands, Partner is foreclosed from introducing critical evidence in support of its claim. This outcome runs counter to the Fifth Circuit's position that parties should not be substantively punished for their counsel's failure to follow local rules. *Hassenfu*, 491 F.2d at 1095. Excluding all testimony and evidence regarding an expert survey as "unopposed" because the opposition was procedurally noncompliant functions as a *de facto* merits sanction that is disproportionate to the rule violation. This is especially true considering that Partner tried to correct the mistake by filing an unopposed, conforming response. Dkt. No. 115. Under *Hassenflu*, *Webb*, and *Blois*, imposing such a severe evidentiary penalty on the litigant for counsel's misstep runs counter to the interests of fairness, particularly where the excluded evidence addresses a consequential fact issue.

*See Servicios Azucareros*, 702 F.3d at 806 (confirming that sanctions tied to verbosity and excessive length should be calibrated to the violation and not case-dispositive).

Partner therefore respectfully asks that the Court reconsider its ruling, review Partner's corrected *Daubert* response, and rule on the merits. *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) ("While we recognize a district court's authority to supervise and control its docket, parties should not be punished for their counsel's neglect except in extreme and unusual circumstances.")

## III. The Court should reconsider its decision to strike Plaintiff's jury demand because Plaintiff's response was timely.

Partner asks that this Court reconsider its decision to grant Defendants' Motion to Strike Jury Demand (Dkt. 74). In its Order dated November 26, 2025, the Court struck Partner's response (Dkt. 109) as untimely and granted Defendants' motion as unopposed. (Dkt. 130 at 4). Partner asks for reconsideration and a decision on the merits because its response was timely under the Amended Scheduling Order. (Dkt. 72).

Paragraph 5a of the Amended Scheduling Order set August 6, 2025, as the deadline for dispositive and nondispositive motions. (Dkt. 72 at 3). Paragraph 5b of that same Amended Scheduling Order set the response deadline for all motions to be September 5, 2025. (*Id.*).

| | | |
|---|---|---|
| **5a.** | **<u>08/06/2025</u>** | **DISPOSITIVE AND NONDISPOSITIVE MOTIONS DEADLINE (except for motions *in limine*)**<br>No party may file any motion after this date except for good cause shown. |
| **5b.** | **<u>09/05/2025</u>** | **DEADLINE TO FILE RESPONSES TO MOTIONS** |

Pursuant to these deadlines, Defendants filed their Motion to Strike Jury Demand on August 6, 2025. (Dkt. 74). Partner then filed its response on September 5, 2025. (Dkt. 109).

The Court determined that Partner's response was untimely because, under the default deadlines set forth in L.R.7.3, the response deadline would have been August 27, 2025. But, L.R. 7.3 is not applicable here because the Court entered a scheduling order modifying the deadlines. *See* L.R. 16.1 (permitting a presiding judge to enter a unique scheduling order); *Donzi N.V. v. Glob. Fin. Services LLC*, No. CIV.A. H-11-3642, 2012 WL 2403504, at *1 (S.D. Tex. June 25, 2012) (explaining in the context of amending pleadings "[o]nce such a scheduling order is in place, the deadline set by the order controls."); *In re Wright*, No. 15-43533-ELM-13, 2019 WL 5075941 at *3 (Bankr. N.D. Tex. Oct. 9, 2019) ("to the extent of any actual or potential inconsistency between Local Rule 3002.1-1 and the Scheduling Order, the Scheduling Order controls"). Given that the Amended Scheduling Order set out the deadline of September 5, 2025, to file responses to dispositive and non-dispositive motions, Partner's response was timely.

Partner implores the Court to reconsider this specific ruling given that the right to a trial by jury is a fundamental constitutional protection. The Seventh Amendment right to a jury trial "occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 540 (5th Cir. 2023). The Fifth Circuit has developed comprehensive standards with respect to striking a jury request, consistently holding the right to a jury trial be upheld, absent "strong and compelling reasons to the contrary," applying a presumption in favor of preserving jury trial rights. *Daniel Intern. Corp. v.*

*Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). Given the constitutional significance of Partner's jury trial right, as well as Partner's compliance with this Court's scheduling order (Dkt. 72), reconsideration is warranted so that the Court may evaluate the jury-demand issue on its merits, rather than on procedural grounds.

## CONCLUSION AND PRAYER

For the foregoing reasons, Partner respectfully requests that the Court reconsider three portions of its November 26th Order: (1) the portion granting Defendants' Motion for Partial Summary Judgment as to likelihood of confusion, (2) the portion granting Defendants' *Daubert* Motion to Exclude Dr. Chiagouris's evidence and testimony, and (3) the portion granting Defendants' Motion to Strike Jury Demand. Partner further asks that the Court reinstate its responses, (Dkt. 109, 114, 116) and rule on the merits.

Dated: February 6, 2025

Respectfully submitted,

**BECK REDDEN LLP**

By: */s/ Matthew P. Whitley*
Matthew P. Whitley
State Bar No. 24037703
Federal ID No. 33589
mwhitley@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEY-IN-CHARGE FOR PLAINTIFF PARTNER ASSESSMENT CORPORATION**

**OF COUNSEL:**

Alex B. Roberts
State Bar No. 24056216
Federal ID No. 865757
aroberts@beckredden.com
Fariha Jawed
State Bar No. 24125292
Federal ID No. 3862159
fjawed@beckredden.com
Catherine Buthod
State Bar No. 24140530
Federal ID No. 3888692
cbuthod@beckredden.com

**BECK REDDEN LLP**
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-372

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion contains 3,545 words in compliance with the Court's Local Rule 18(c).

*Matthew P. Whitley*
Matthew P. Whitley

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing instrument has been served through the Court's ECF system on February 6, 2025 on all counsel of record.

*Matthew P. Whitley*
Matthew P. Whitley