**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PARTNER ASSESSMENT CORPORATION,**<br>**Plaintiff,** | § § § | |
| **v.** | § § § § | **CIVIL ACTION NO. 4:23-cv-02768** |
| **PCR REAL ESTATE HOLDING COMPANY, LLC**<br>**Defendant.** | § § § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL RECONSIDERATION**

Defendants' Response mischaracterizes both the spirit and the substance of Partner's Motion for Partial Reconsideration. Partner merely requests that the Court consider the full and corrected record before determining (1) what issues and evidence Partner may present at trial and (2) whether that presentation will be to a jury. Put differently, Partner seeks to have its claims adjudicated on the substance of its arguments, rather than on its prior counsel's violation of the Court's word count limits. Partner's Motion is not a plea for leniency; it is a plea for a decision on the merits.

## I. Defendants were unopposed to Partner's motion for leave to file corrected responses, but now attempt to draw an artificial distinction as to their opposition.

For the first time, Defendants argue that while they "did not oppose certain of Plaintiff's motions seeking leave to file corrected briefs, Defendants never consented to allow those filings." Dkt. No. 142 at 7. Partner is unable to make heads or tails of

Defendants' position. Defendants claim they were "not opposed" to Partner's motions for leave to file corrected responses, yet now argue they oppose the practical effect of granting that leave. That distinction collapses under even minimal scrutiny. A motion for leave to file a corrected response has only one purpose: *to permit the corrected response to be filed and considered*. To say one is unopposed to the motion for leave but opposed to the consequence of granting it is irreconcilable.

At the time the motions were presented, there was no caveat, no reservation, and no suggestion that Defendants were drawing some hyper-technical line between "leave" in theory and the filing of the corrected responses in practice. Everyone understood the straightforward proposition: if the Court granted Partner's *unopposed* motions for leave, the corrected responses would be filed and would replace the originals. Defendants' sudden opposition to allowing the filing of corrected briefs to which they were previously unopposed is more than just flip-flopping—it is a signal that Defendants fear the outcome if the Court considers the merits of these issues on a complete record.

## II. Defendants will not be burdened by the Court's consideration of the corrected responses.

Defendants repeatedly invoke the prejudice and burden they will supposedly suffer if the Court considers Partner's corrected responses. Dkt. No. 142 at 9. But reality does not support their position. Partner's corrected responses—copies of which Defendants have had since September 2025—do not introduce new theories, new evidence, or new arguments. The corrected responses simply shorten the original submissions to comply with the Court's word count limits. Replying to Partner's corrected responses would be no

more cumbersome than replying to the original submissions. Moreover, the issues for reconsideration are not as comprehensive as Defendants claim. Partner only seeks reconsideration of three discrete rulings.

### III. The Court should reconsider its ruling on partial summary judgment because there are fact issues that preclude the entry of summary judgment.

Defendants attempt to minimize the Court's ruling on summary judgment by characterizing the brokerage-services issue as "narrow" and suitable for resolution without a "full evidentiary record." That framing misstates both the law and the practical realities of this case.

Likelihood of confusion is not determined in a vacuum. It is a fact-intensive inquiry that turns on the totality of the circumstances and, critically, on marketplace perception. The Fifth Circuit has consistently treated it as a multifactor analysis grounded in real-world conditions, not semantic distinctions or labels. Whether confusion is likely cannot be resolved by isolating one word ("brokerage") and divorcing it from how services are actually marketed, bundled, delivered, and perceived by customers. The Court's ruling on summary judgment was made without the benefit of the full evidentiary record, and it did not test Defendants' characterization of the marketplace. When the evidence is viewed in the light most favorable to Partner—as required at summary judgment—it creates genuine disputes of material fact as to whether customers could perceive Defendants' "Partners" brokerage division as affiliated with, sponsored by, or otherwise connected to Partner's services.

Defendants' Response does not meaningfully engage this record. Instead, it reiterates its merits arguments while insisting that reconsideration is procedurally improper. However, ensuring that a dispositive ruling rests on consideration of the complete, compliant briefing—rather than the absence of it—is precisely the circumstance in which a Court's discretion under Rule 54(b) is appropriately exercised. Reconsideration ensures that the Court's conclusion, whatever it may be, is reached after reviewing the full record.

### IV. Whether Dr. Chiagouris is qualified to offer his opinion should be determined on the merits.

Defendants argue that expert evidence is not required, so Partner can proceed to trial without it. Dkt. No. 142 at 13. But Defendants' argument misses the point entirely. The issue is not whether expert evidence is mandatory on the issue of likelihood of confusion. The issue is whether Partner should be precluded from presenting expert evidence without the Court having considered Partner's full, rule-compliant response defending its admissibility. Defendants again focus on the ultimate merits of admissibility (i.e., Dr. Chiagouris's qualifications and the reliability of his opinions), rather than addressing why reconsideration would be improper under Rule 54(b). They offer no reason why the Court should decline to exercise its discretion to review the complete briefing, particularly where the exclusion of expert testimony significantly shapes what proof may be presented at trial. Thus, Partner requests that the Court reconsider its ruling granting Defendants' Daubert Motion to Exclude Dr. Chiagouris's evidence and testimony.

### V. Defendants concede that Partner's Response to the Motion to Strike was timely.

Defendants concede that Partner's response to the motion to strike was timely. Dkt. No. 142 at 13 ("Defendants acknowledge that Plaintiff's response to Defendants' Motion to Strike Jury Demand was timely filed[.]"). Yet then, Defendants submit another iteration of their substantive arguments of why Partner is not entitled to a trial by jury. *Id.* But again, the point of the motion for reconsideration is that Partner asks the Court to reconsider its ruling after reviewing the briefing in full.

Ultimately, the right to a jury trial is not a procedural technicality. The right to a trial by jury is a fundamental constitutional protection, whose curtailment "should be scrutinized with the utmost care." *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 540 (5th Cir. 2023). Thus, Partner implores the Court to reconsider its ruling after reviewing the entirety of the briefing on this issue.

## CONCLUSION AND PRAYER

For the foregoing reasons, Partner respectfully requests that the Court reconsider three portions of its November 26th Order: (1) the portion granting Defendants' Motion for Partial Summary Judgment as to likelihood of confusion as unopposed, (2) the portion granting Defendants' *Daubert* Motion to Exclude Dr. Chiagouris's evidence and testimony as unopposed, and (3) the portion granting Defendants' Motion to Strike Jury Demand. Partner further asks that the Court reinstate its responses, (Dkt. 109, 114, 116) and rule on the merits.

Dated: March 5, 2026

Respectfully submitted,

**BECK REDDEN LLP**

By: /s/ *Matthew P. Whitley*
Matthew P. Whitley
State Bar No. 24037703
Federal ID No. 33589
mwhitley@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

**ATTORNEY-IN-CHARGE FOR PLAINTIFF PARTNER ASSESSMENT CORPORATION**

**OF COUNSEL:**

Alex B. Roberts
State Bar No. 24056216
Federal ID No. 865757
aroberts@beckredden.com
Fariha Jawed
State Bar No. 24125292
Federal ID No. 3862159
fjawed@beckredden.com
Catherine Buthod
State Bar No. 24140530
Federal ID No. 3888692
cbuthod@beckredden.com

**BECK REDDEN LLP**
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-372

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion contains 1,362 words in compliance with the Court's Local Rule 18(c).

*Matthew P. Whitley*
Matthew P. Whitley

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing instrument has been served through the Court's ECF system on March 5, 2026 on all counsel of record.

*Matthew P. Whitley*
Matthew P. Whitley