United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PARTNER ASSESSMENT CORPORATION, Plaintiff, | § | CIVIL ACTION NUMBER 4:23-cv-02768 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| PCR REAL ESTATE HOLDINGS COMPANY, LLC, Defendant. | § | |

## ORDER ON DENIAL OF MOTION FOR RECONSIDERATION

This is a trademark infringement dispute. Prior order resolved twenty pending motions, largely on procedural grounds due to the repeated failure by Plaintiff Partner Assessment Corporation to comply with this Court's procedures and word limits. See Dkt 130.

Plaintiff is now represented by new counsel and seeks partial reconsideration of that order under Rule 54(b) of the Federal Rules of Civil Procedure. Dkt 141. The motion seeks reconsideration of the decision (i) granting as unopposed Defendant's partial motion for summary judgment on the issue of likelihood of confusion, (ii) granting as unopposed Defendant's motion to exclude the evidence and testimony of Plaintiff's expert, and (iii) granting as unopposed Defendant's motion to strike the jury demand. Dkt 141 at 4.

The latter point will be granted, but the two former points will be denied.

Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court in this context is permitted "to reconsider and reverse its decision for any reason it deems sufficient." *McClendon v United States*, 892 F3d 775, 781 (5th Cir 2018), citing *Austin v Kroger Texas LP*, 864 F3d 326, 336 (5th Cir 2017).

As background, it bears emphasis that Plaintiff is before this Court having amassed a documented history of vexatious litigation tactics prior to entry of the subject order. These were of a similarly needless and wasteful approach designed to increase litigation expense. For example, in November 2024, Plaintiff was admonished for submitting three separate discovery letters in one month, which was deemed "an inordinate waste of judicial resources." Dkt 56. In June 2025, Plaintiff was further admonished for "tactics [ ] intended to make this litigation burdensome on opposing counsel and this Court." Dkt 72. It was noted that Plaintiff's response in opposition to Defendant's request for "slight extension" of the scheduling order was "quite unreasonable," representing "conduct unbecoming of the civility and professionalism expected of those practicing law." Ibid; see also Dkt 71 (response).

As such, and despite the present attempt by Plaintiff to characterize the more recent procedural defaults at issue as mere mistakes, they weren't. Such conduct was instead reflective of Plaintiff's litigation strategy from the outset.

*As to motion for summary judgment on the likelihood of confusion,* reconsideration will be denied.

Defendant's partial motion for summary judgment on this issue was granted as unopposed after Plaintiff's response to the motion was stricken for exceeding 8,400 words—far beyond the allowed limit of 5,000 words. Dkt 130 at 2–3; see Dkts 79 (motion) & 100 (stricken response).

Plaintiff attempts to characterize this as merely a "mistake made by Partner's former counsel." Dkt 141 at 8. It cites *Servicios Azucareros de Venezuela, CA v John Deere Thibodeaux, Inc*, 702 F3d 794, 805–06 (5th Cir 2012), where the Fifth Circuit held that the district court's decision to dismiss the plaintiff's complaint for briefing that exceeded procedural limits was errant. But in doing so, the Fifth Circuit noted that the record did *not* reflect that the plaintiff had "violated multiple court orders or otherwise engaged in egregious obstructionist conduct." Id at 806. That is not the situation at hand. As just explained, Plaintiff has engaged in prior, egregious conduct designed to harass its opponent and drive up litigation expense. Seen correctly, these weren't isolated mistakes, but rather, were part of a consistent, intentional pattern.

The Fifth Circuit also noted in *Servicios Azucareros* that "that the district court did not consider whether lesser sanctions than full dismissal would be appropriate and effective." Ibid. That's also inapposite, as dismissal was *not* itself the imposed sanction. To the contrary, Plaintiff merely faced the natural consequence for submitting procedurally noncompliant briefing—having it stricken and, in its absence, treating the related motion as unopposed. See Local Rule 7.4.

None of this can simply be washed away in the late stages of litigation with replacement counsel, no matter how eminently reasonable such counsel might be. Plaintiff chose its own counsel and determined to stay with them over long duration, after being clearly placed on notice in prior orders of the intentional, burdensome, abusive litigation strategy of its representatives. The consequences for that choice are appropriately visited upon the client as litigant. For example, see *Link v Wabash Railroad Company*, 370 US 626, 633–34 (1962): "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed

bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

In addition, and even if reconsideration were appropriate, the motion would be denied on the merits for the reasons stated in the response. See Dkt 142 at 10–12.

*As to motion to exclude evidence and testimony by Plaintiff's expert*, reconsideration will also be denied.

Plaintiff again attempts to characterize its procedural noncompliance as resulting from prior counsel's "mistake" and "neglect." Dkt 141 at 10–11. It thus maintains that it shouldn't be punished for its prior counsel's error, citing cases in that regard. See *Blois v Friday*, 612 F2d 938, 940 (5th Cir 1980) (holding that despite "neglect of plaintiff's counsel," plaintiff "should not have to pay with the loss of his cause of action for his attorney's minor mistake without clear proof of serious misconduct and prejudice"); *Hassenflu v Pyke*, 491 F2d 1094, 1095 (5th Cir 1974) (holding that "parties should not be punished for their counsel's neglect except in extreme and unusual circumstances").

But again, this wasn't "neglect" or a "minor mistake" akin to *Blois* and *Hassenflu*. As already noted, this was instead an intentional course of conduct seeking to increase and inappropriately burden the expense of this litigation, despite prior admonishments for employing unreasonable litigation tactics. Dkts 56 & 72 (prior orders). And again, the sanction was the striking of a procedurally non-compliant brief. There are follow-on consequences for that decision, to be sure. But those can't be said to be unfair or unjust in the circumstances of this litigation.

Regardless, even if such expert opinion might be potentially helpful, a consumer survey is not required to establish likelihood of confusion. See *Nola Spice Designs, LLC v Haydel Enterprises, Inc*, 783 F3d 527, 546 (5th Cir 2015). Indeed, Plaintiff itself concedes that it doesn't need such a survey on likelihood of confusion in order to prove its case. Dkt 141 at 9: "Partner intends to establish

likelihood of confusion at trial with or without Dr. Chiagouris and his survey."

In short, exclusion of the subject expert testimony will not otherwise bar Plaintiff's ability to put forth evidence on this point. But exclusion of that testimony is appropriate.

*As to motion to strike the jury demand*, reconsideration will be granted.

Prior ruling neglected that the amended scheduling order itself provided that the response by Plaintiff to Defendant's motion to strike was timely filed on September 5, 2025. Dkts 72 (amended scheduling order) & 109 (response). Decision on the merits of the motion to strike jury demand is thus appropriate.

A separate order will eventually enter on that issue based on the submitted record. See Dkts 74 (motion) & 109 (response); see also Dkts 141 (motion for reconsideration), 142 (response) & 143 (reply).

* * *

It is noted in conclusion that replacement counsel for Plaintiff without question has proceeded on the current motion appropriately and in a good-faith attempt to moderate consequences that Plaintiff brought upon itself by maintaining its continuance with prior counsel. But as stated above, Plaintiff received multiple admonishments for the abusive conduct of its prior counsel before entry of the subject order, meaning that it was long aware of such conduct and continued to ratify that strategy. See Dkts 56 & 72. The consequences for such conduct thus properly remain.

The motion by Plaintiff for reconsideration is GRANTED IN PART and DENIED IN PART. Dkt 141.

It is GRANTED as to the underlying motion to strike the jury demand. A separate order will enter in that regard with redetermination on the merits.

The motion is otherwise DENIED. Dkt 141.

SO ORDERED.

Signed on March 30, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge